The Honorable James C. Scott State Senator 321 State Highway 15 North Warren, AR 71671
Dear Senator Scott:
This is in response to your request for an opinion on the following question:
 Can Ashley County (by quorum court ordinance, action of the county judge, action of the board of governors of the proposed new county hospital, or otherwise) enter into a binding long term contract or agreement to accept transfer of the cash assets and facility of the existing hospital and to use such assets and all earnings on such assets exclusively for health care?
You state that the officials of the foundation which operates a privately owned hospital in Ashley County have indicated that if the county proceeds with a bond issue and builds a county hospital, the foundation may be willing to transfer the cash reserves of the existing hospital as well as the existing facility to the county. If such a transfer is made, however, the foundation officials would apparently like some binding assurance that the funds so transferred, as well as funds derived from any disposition of the existing facility and any interest earned on such funds, would be used exclusively for health care.
It is my opinion that such a transfer of the cash assets and facility, with the proposed use limitation, may clearly be accomplished as a general matter. With respect, however, to the mechanism selected for effecting the transfer, this is a matter that must be referred to counsel for the foundation and the county for a determination based upon all of the particular facts and circumstances.
With regard to the existing hospital facility, the foundation may wish to simply convey the property to the county with a restrictive provision in the deed. It should perhaps also be noted, however, that the county has specific statutory authority to "contract concerning, or otherwise deal in . . . any land, buildings, improvements, or facilities of any and every nature whatever that can be used for hospitals. . . ." A.C.A.14-265-103 (1987). The term "facilities" is defined in A.C.A.14-265-101(f) (1987) to include "any real property, personal property, or mixed property of any and every kind that can be used or that will be used for or in the operation of the hospital. . . ." And this office has previously determined that cash and other liquid assets are included as "personal property" under this definition. See Op. Att'y Gen. 94-007.
The county judge's statutory authority, as chief executive officer, to accept gifts, grants, and donations of real or personal property on behalf of the county may also be relevant to your question. See A.C.A. 14-14-1102(b)(7). This provision states in pertinent part that the county judge "may apply for, enter into necessary contracts, receive, and administer for and in behalf of the county, subject to such appropriation controls that the quorum court may elect to adopt by ordinance, funds from . . . private sources." Id.
While the county and the foundation may thus wish to explore the possibility of simply contracting to effect the transfer, it should perhaps also be noted that express trusts may be created in real or personal property, with any governmental subdivision (i.e., the county in this instance) named as the beneficiary thereof. A.C.A. 28-72-201 (1987). Under this provision, so-called "public trusts" are authorized for the purpose of aiding or furthering any proper county function. The remaining provisions under this subchapter (A.C.A.28-72-201 through -207) should be referenced for further guidance in the actual creation and acceptance of any beneficial interest. See, e.g., A.C.A. 28-72-202 (regarding the governing body's acceptance of a beneficial interest on behalf of a governmental subdivision of the state, and endorsement of the beneficial interest on the trust instrument with the trust instrument then constituting a binding contract).
The public trust option may offer a viable alternative in this particular instance. As noted above, however, the foundation and the county must select the best method under the circumstances for making the transfer.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elisabeth A. Walker.
Sincerely, WINSTON BRYANT Attorney General
WB:cyh